UNITED STATES FEDERAL DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT HERLEIN,

      Plaintiff,

CASE:
HON.:

V

FREMONT PUBLIC SCHOOL DISTRICT and Its BOARD OF
EDUCATION, JAMES HIEFTJE, individually and in his
capacity as Superintendent for Fremont Public Schools, EDWARD
WOSINSKI, individually and in his official capacity of President of
Board of Education for Fremont Public Schools; LINDA BLAIS,
Individually and in her official capacity of Vice President of Board of
Education for Fremont Public Schools, JIM FEATHERSTONE
Individually and in his official capacity of Secretary of Board of
Education for Fremont Public Schools, MATT HENDRIE individually and
in his official capacity of Treasurer for Fremont Public Schools,
RICK ST. PETER individually and in his official capacity
of Trustee for Fremont Public Schools, TERRI BLAKE individually and
in her capacity of Trustee for Fremont Public Schools, PAUL
MELLEMA individually and in his capacity as Trustee for Fremont
Public Schools, jointly and severally,

      Defendants,

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

## **COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Scott Herlein, by his undersigned attorneys, Kalniz, Iorio & Feldstein, Co., L.P.A., and for his complaint against Fremont Public Schools, Fremont Public Schools Board of Education, James Hieftje, Superintendent of Fremont Public Schools, Edward Wosinski, President of the Board of Education for Fremont Public Schools, Linda Blais, Vice President of the Board of Education for Fremont Public Schools, Jim Featherstone, Secretary of

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

the Board of Education for Fremont Public Schools, Matt Hendrie Treasurer of the Board of Education for Fremont Public Schools, Rick St. Peter Trustee of the Board of Education for Fremont Public Schools, Terri Blake, Trustee of the Board of Education for Fremont Public Schools, and Paul Mellema Trustee of the Board of Education for Fremont Public Schools.

## JURISDICTION

1. This is a civil action brought pursuant to 42 U.S.C. 1983 seeking declaratory and injunctive relief and money damages against Defendants for retaliation, under color of law, in violation of the First and Fourteenth Amendments to the United States Constitution.

2. This is a civil action brought pursuant to the Michigan Whistleblowers' Protection Act, M.C.L. 15.361, *et al.*

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1343(a)(3), and 1343(a)(4). Jurisdiction for the declaratory relief sought is also premised upon 28 U.S.C. 2201, 2202.

4. This Court possesses supplemental jurisdiction over the pending state-law Whistleblowers' Protection Act claim pursuant to 28 U.S.C. 1367 because the claim arises from the same case or controversy as Plaintiff's federal claim.

## VENUE

5. Venue lies in the Western District of Michigan pursuant to 28 U.S.C. 1391(b).

## THE PARTIES

6. Plaintiff, Scott Herlein, is a citizen of the United States and resident of the County of Muskegon located within the Western District of Michigan.

7. Defendant Fremont Public Schools is a general powers school district and a Michigan body corporate. *See e.g.*, M.C.L. 380.11a. Defendant District and Defendant Board of Education is a public employer that exists under the laws of the State of Michigan.

8. Defendant James Hieftje was the Superintendent for the Fremont Public Schools and its Board of Education at all times relevant to this Complaint.

9. Defendant Edward Wosinski is the President of the Board of Education for the Fremont Public Schools.

10. Defendant Linda Blais is the Vice President of the Board of Education for the Fremont Public Schools.

11. Defendant Jim Featherstone is the Secretary of the Board of Education for the Fremont Public Schools.

12. Defendant Matt Hendrie is the Treasurer of the Board of Education for the Fremont Public Schools.

13. Defendant Rick St. Peter is the Trustee of the Board of Education for the Fremont Public Schools.

14. Defendant Terri Blake is the Trustee of the Board of Education for the Fremont Public Schools.

15. Defendant Paul Mellema is the Trustee of the Board of Education for the Fremont Public Schools.

## FACTS

16. Plaintiff realleges and incorporates by reference paragraphs 1-15 as if set forth herein.

17. Plaintiff Herlein was hired by Fremont Public Schools and its Board of Education in 2005 as a full-time certificated teacher.

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

3

18. Plaintiff Herlein has been employed by Defendant since 2005 at the Fremont Public High School where he has taught Spanish, Math, Psychology and French.

19. The ACT and the Michigan Merit Examination ("MME") exams are administered at Fremont Public Schools and the results are reported to the Michigan Department of Education ("MDE"). The MDE maintains a record of all public schools' exam scores including scores from the ACT and MME exams. The MDE ranks all public schools' academic performance of students as measured, at least in part, by state assessments including the ACT and MME exam scores. The ACT and MME assessment results are published by the MDE.

20. Michigan public schools that have performance issues as identified by assessment scores such as the ACT and MME may be designated "priority" or "focus" schools. A school that is designated as a priority or focus school must implement and undertake certain actions and a failure to improve performance can result in a school being restarted, transformed or closed.

21. The MDE is required by law to list all schools that have been designated priority or focus schools.

22. Defendant Fremont Public School District provides a link on its website to the Michigan Department of Education where the public can access the school's ACT and MME exam score results. Public schools in Michigan, including Fremont Public Schools, have an interest in seeing that their students perform well on state standardized assessment tests including the ACT and MME assessments. Defendant Fremont Public Schools cites its students' achievements on the MME and ACT on its public website. The public has an interest in being informed about a public schools' performance on state assessments.

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

4

23. On March 4, 2014, Plaintiff Herlein was serving as a room supervisor while the ACT exam was being taken by students at the Fremont Public High School. During the ACT exam, the students were permitted to use school calculators provided by the school.

24. Plaintiff Herlein noticed that the calculators provided by the school for use during the exams contained information that had been downloaded onto the calculator.

25. The calculators contained preloaded "ACT help files." The "ACT help files" included information that was related to the content of both the "Day 1 ACT mathematics assessment" and the "Day 3 Michigan mathematics assessment" (MME).

26. Plaintiff Herlein suspected that the "ACT help files" that were downloaded onto the calculators and that were provided to students during the exams violated the law.

27. On March 6, 2014, Plaintiff Herlein filed an anonymous report with the MDE and the ACT regarding his suspicion that the provision of calculators with a preloaded "ACT help file" for use during the assessments constituted a violation of law.

28. On March, 16, 2014, Plaintiff Herlein contacted MDE again about the report that he had filed on March 6, 2014.

29. Plaintiff Herlein later contacted local news media about his report of suspected violations of law because he did not receive a response from the MDE.

30. Upon information and belief, once the media contacted the MDE in response to Plaintiff Herlein's report, the MDE began a review of Plaintiff Herlein's report.

31. Local news media published stories on the MDE investigation as it involved a matter of public concern.

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

32. Plaintiff Herlein was acting as a citizen in filing his reports with the MDE, ACT and local media.

33. The State, through the MDE, eventually conducted an investigation into Mr. Herlein's report and found that staff of Fremont Public Schools had loaded ACT "help information" onto the school calculators that students had used in an ACT Prep class. The help information was then preloaded onto the school calculators just prior to the administration of the ACT test and the MME exam.

34. The MDE, through its investigation, estimated that about 60% of the students taking the ACT and the MME exams used calculators with the preloaded ACT help information.

35. The Defendants conducted an investigation concerning Plaintiff Herlein's anonymous report. On or about May 5, 2014, Plaintiff Herlein was interrogated by agents of Defendants. Plaintiff Herlein admitted that he had filed a report with the MDE.

36. On May 14, 2014, the MDE issued an "Irregularity Findings and Remediation" notice to the Defendant Fremont Public School District regarding the administration of the Spring 2014 MME. The MDE stated that "concerns do remain regarding the ACT HELP INFORMATION file that was placed on school-owned calculators, and made available to students for use on the MME." The MDE also required Defendant Fremont Public School District to comply with three "remediation" points during the administration of future state assessments.

37. On or about May 21, 2014, Plaintiff Herlein was provided with a copy of draft tenure charges signed by Superintendent James Hieftje. In the document, Superintendent Hieftje advised that Defendants were filing tenure charges with Defendant Board of

Education seeking Plaintiff Herlein's termination. Plaintiff Herlein denied the charges.

38. On May 30, 2014, the Defendant Board of Education voted unanimously to terminate Plaintiff Herlein based upon written "tenure charges" submitted by Superintendent Hieftje.

39. Defendants terminated Plaintiff for engaging in protected First Amendment free speech, including without limitation, filing a report with the MDE and ACT and contacting local news media.

40. Plaintiff Herlein was speaking as a citizen on a matter of public concern. The administration of State assessments, the results of State assessments and any irregularities regarding State assessments are matters of public concern. The MDE publishes extensive data made available to the public on Michigan Public Schools' assessment results.

## COUNT I
## First Amendment Retaliation Claim Against All Defendants

41. Plaintiff realleges and incorporates by reference paragraphs 1-40 as if set forth herein.

42. Plaintiff Herlein was engaged in constitutionally protected speech.

   (a) Plaintiff Herlein's speech touched on matters of public concern, including the validity of the state assessment protocols, suspected irregularities, and the administration of state assessments at the Fremont Public High School.

   (b) Plaintiff Herlein's comments on testing protocols, irregularities and related assessment matters outweigh any interest of Defendants as an employer in promoting the efficiency of the public services performed through its employees.

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

(c) Defendants' decision to terminate the employment of Plaintiff Herlein constitutes an adverse action.

(d) Defendants Wosinski, Blais, Featherstone, Hendrie, St. Peter, Blake and Mellema and the Superintendent Hieftje are policy makers for the Defendant Board of Education with the authority to make employment policies and make decisions for the Defendants Fremont Public Schools and the Board of Education.

43. Defendants Wosinski, Blais, Featherstone, Hendrie, St. Peter, Blake and Mellema and the Superintendent Hieftje acted under color of state law.

44. Defendant Fremont Public School District and its Board of Education is liable under Section 1983 as it engaged in unconstitutional acts in the implementation and/or execution of a policy, ordinance, regulation, or board decision that was officially adopted and promulgated by the Board members.

45. The Defendants terminated Plaintiff Herlein because he engaged in free speech.

46. Defendants Wosinski, Blais, Featherstone, Hendrie, St. Peter, Blake and Mellema and the Superintendent Hieftje are individually liable because they violated Plaintiff Herlein's statutory and constitutional right of free speech including the right to be free from retaliation for engaging in free speech, to report a suspected violation of law to a state agency and to communicate same to the news media. These rights were clearly established at the time Plaintiff Herlein engaged in the speech. Defendants had adequate notice that their conduct in terminating Plaintiff Herlein for improper motives violated the First Amendment.

**WHEREFORE**, Plaintiff Herlein requests a judgment against these Defendants, and each of them, jointly and severally, in an amount a jury deems just, in excess of $75,000.00, plus

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

interests, costs and attorney's fees and that this Court issue appropriate declaratory and injunctive relief.

## COUNT II
### Whistleblowers' Claim Against All Defendants

47. Plaintiff realleges and incorporates by reference paragraphs 1-46 as if set forth herein

48. Plaintiff Herlein reported suspected violations of law to a public body, the MDE, and therefore was engaged in protected activity as defined under the Whistleblowers' Protection Act.

49. Plaintiff Herlein suffered an adverse employment action when he was discharged by Defendants on May 30, 2014.

50. Defendants terminated Plaintiff because he engaged in the protected activity of reporting suspected violations of law to the MDE.

**WHEREFORE**, Plaintiff Herlein requests a judgment against these Defendants, and each of them, jointly and severally, in an amount a jury deems just, in excess of $75,000.00, plus interests, costs and attorney's fees and that this Court issue appropriate declaratory and injunctive relief.

### JURY DEMAND

Plaintiff hereby demands a Trial by Jury on all issues so triable.

KALNIZ, IORIO & FELDSTEIN CO., L.P.A.
Attorneys for Plaintiff

Date: July 30, 2014

Fillipe S. Iorio (P58714)
Kurt Kline (P72291)
4981 Cascade Road, S.E.
Grand Rapids, Michigan 49546
(616) 940-1911